**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESTATE OF PEARSON,**

    **Plaintiff,**

-vs-                   Case No. 6:06-cv-0331-Orl-19JGG

**360, INC. d/b/a WAVE REBEL, and**
**ED SELTZER,**

    **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss of Defendants 360, Inc. and Ed Seltzer (Doc. No. 12, filed March 29, 2006);

2. Defendants' Memorandum of Law in Support of Motion to Dismiss and in Opposition to Plaintiff's Motion for a Preliminary Injunction (Doc. No. 13, filed March 29, 2006); and

3. Memorandum of Fact and Law in Opposition to Defendants' Motion to Dismiss of Plaintiff (Doc. No. 23, filed April 7, 2006).

## Background

Plaintiff, the probate estate of Eric Pearson, brought this trademark and unfair competition action against Defendants 360, Inc. and Ed Seltzer for their alleged infringing activities in the manufacture, promotion and sales of bodyboards.[1] (Doc. No. 1, filed March 15, 2006, ¶¶ 1, 17, 24,

---

[1] The Complaint states that a "bodyboard" is a device that supports a surfer in ocean waves that is shorter than a surf board. (Doc. No. 1, ¶ 9).

34-35, 37-38, 40, 42-43). The Verified Complaint asserts that in the late 1990's Pearson adopted the ION trademark in order to promote his patented bodyboard designs and that he licensed the use of those marks and designs to Defendants. (*Id.* at ¶ 17). Following Pearson's death in May 2005, representatives of his estate terminated the licensing agreements according to the termination provisions contained therein, and as such, the agreements expired February 4, 2006. (*Id.* at ¶ 22). Nonetheless, Defendants indicated that they would continue to sell bodyboards under the ION mark, and they filed at least two trademark applications with the United States Patent and Trademark Office directed to products bearing the ION mark. (*Id.* at ¶ 23).

Plaintiff subsequently filed this action seeking to enjoin Defendants' use of the ION mark, seeking monetary damages for the unauthorized use of the mark, and seeking a declaratory determination of the ownership of the mark. (*Id.* at 24-27). Defendants opposed Plaintiff's request for a preliminary injunction and also requested the dismissal of the Verified Complaint based upon the expiration of the applicable statute of limitations. (Doc. No. 12). The Court denied without prejudice Plaintiff's Motion for Preliminary Injunction as the motion did not comply with the Local Rules of the Court and the record did not reflect service of process on Defendants. (Doc. No. 16, filed March 30, 2006). This Order considers the merits of Defendants' Motion to Dismiss.

**Applicable Standards**

The Court may grant a Motion to Dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004) (internal quotation omitted). In considering a motion to dismiss, the court is generally confined to examining the four corners of the complaint, *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002), and "the facts

stated in [the] complaint and all reasonable inferences therefrom are taken as true," *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). Because the Federal Rules of Civil Procedure establish a liberal system of notice pleading, a complaint need only present "a short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Accordingly, the threshold for a complaint to survive a Motion to Dismiss for failure to state a claim is "exceedingly low." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).

**Analysis**

Defendants assert that this action is barred by Section 95.11(3) (p), Florida Statutes, which sets forth a "catch-all" four-year statute of limitation on any action not specifically provided for under Florida law. (Doc. No. 13, p. 6-8). Defendants base this argument on facts outside the four-corners of the Verified Complaint which cannot be considered by the Court on a Motion to Dismiss. *See St. George*, 285 F.3d at 1337. In opposition, Plaintiff argues that (1) Defendants have waived the statute of limitation defense by not asserting it in their Answer and, (2) as Defendants have engaged in only two months of unauthorized activity, this action was timely filed.[2] (Doc. No. 23). Because neither party correctly identifies the applicable law, the Court will first address the statutory framework and judicial analysis governing timeliness issues in trademark actions.

---

[2] Plaintiff also relies on documentary evidence outside the four-corners of the Complaint, which can not be considered by the Court. *See St. George*, 285 F.3d at 1337.

The Eleventh Circuit, along with a majority of the other United States Circuit Courts of Appeals, recognizes that the Lanham Act does not contain a statute of limitations. *Kason Indus., Inc. v. Component Hardware Group*, 120 F.3d 1199, 1203 (11th Cir. 1997); *see generally* 5 J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 31.33 (4th ed. 2006). In determining the timeliness of claims brought under the Lanham Act, courts turn to the "principles of laches as developed by courts of equity." *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir. 1985); *see also Kason Indus., Inc.*, 120 F.3d at 1203 (adopting the holding and reasoning of *Tandy Corp.*). Courts in this Circuit look to the time periods of analogous state statutes as a touchstone for the equitable defense of estoppel by laches. *Kason Indus., Inc.*, 120 F.3d at 1203. A defendant raising the defense of laches must demonstrate the following: (1) a delay in asserting a right or a claim; (2) which was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. *Id.* In this case, which arises under Florida law, the applicable time period is four years. *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986) ("The pertinent limitations period for this type of action in Florida is four years.").

Consequently, Plaintiff's argument that Defendant has waived this affirmative defense is unsupported by the record and is wholly without merit. Far from waiving their objections to the Verified Complaint on this ground, Defendants raise the affirmative defense of laches in both their original Answer and in their Amended Answer. (Doc. No. 8, p. 5; Doc. No. 11, p. 5).

Defendants, however, have not presented any argument based on the allegations of the Verified Complaint which meets their burden. *See Chepstow Ltd.*, 381 F.3d at 1080. Indeed, the Verified Complaint alleges that Pearson used the ION mark in commerce prior to Defendants (Doc. No. 1, ¶¶ 17-18), that Pearson granted Defendants a license to use the mark (*id.,* ¶ 14) but ownership

of the mark was retained by Pearson (*id.*, ¶ 17), and that the license was terminated after the Pearson's death (*id.*, ¶¶ 21-22). According to the allegations of the Verified Complaint, the licensing agreements terminated on February 4, 2006, and Defendants continued to sell bodyboards under the ION mark, although they were not authorized to do so. (*Id.*, ¶¶ 22-23). Thus, Plaintiff's "delay" in bringing this action to stop Defendants' allegedly unauthorized activities under the allegations of the Verified Complaint amounts to approximately thirty-nine days, a time period which fits comfortably within the four-year period provided under Florida law. Moreover, Defendants fail to demonstrate that they have been subjected to an undue prejudice by Plaintiff's decision to file this action.

### Conclusion

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss. (Doc. No. 12).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April _13th___, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record